UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA )
) Case No. 1-11-CR-20
v. )
) COLLIER / LEE
MARCIELL EASTERLING )

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on August 3, 2011.

At the hearing, defendant moved to withdraw his not guilty plea to Counts One and Two of the

three-count Superseding Indictment and entered a plea of guilty to a portion of Count One, that is,

conspiracy to distribute and possess with intent to distribute 50 kilograms or more of a mixture and

substance containing a detectable amount of marijuana, a Schedule I controlled substance, in

violation of 21 USC §§ 846, 841(a)(1) and 841(b)(1)(C) and Count Two, that is, knowingly using

and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 USC §

924(c)(1)(A)(I) in exchange for the undertakings made by the government in the written plea

agreement.  On the basis of the record made at the hearing, I find the defendant is fully capable and

competent to enter an informed plea; the plea is made knowingly and with full understanding of each

of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or

promises, apart from the promises in the plea agreement; the defendant understands the nature of

the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to a portion

of Count One, that is, conspiracy to distribute and possess with intent to distribute 50 kilograms or

more of a mixture and substance containing a detectable amount of marijuana, a Schedule I

controlled substance, in violation of 21 USC §§ 846, 841(a)(1) and 841(b)(1)(C) and Count Two,

that is, knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 USC § 924(c)(1)(A)(I) of the Superseding Indictment be granted, his plea of guilty to a portion of Count One, that is, conspiracy to distribute and possess with intent to distribute 50 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 USC §§ 846, 841(a)(1) and 841(b)(1)(C) and Count Two, that is, knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 USC § 924(c)(1)(A)(I) be accepted, the Court adjudicate defendant guilty of a portion of Count One, that is, conspiracy to distribute and possess with intent to distribute 50 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 USC §§ 846, 841(a)(1) and 841(b)(1)(C) and Count Two, that is, knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 USC § 924(c)(1)(A)(I) of the Superseding Indictment, and a decision on whether to accept the plea agreement be deferred until sentencing. Defendant's bond was revoked and I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).